

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,405-01

### EX PARTE RAMIRO CASTILLO-RAMIREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-CR-271-A IN THE 381ST DISTRICT COURT
### FROM STARR COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to ten years' imprisonment.

Applicant contends that he was denied his right to appeal because notice of appeal was not timely filed. The habeas record indicates that Applicant was sentenced on August 24, 2017. On December 13, 2017, trial counsel was given permission to withdraw from the representation, and appellate counsel was appointed to represent Applicant. However, there is no indication that a

motion for new trial or notice of appeal was timely filed. The record suggests that Applicant indicated a desire to appeal his conviction, but that he was denied his right to do so through no fault of his own. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 16-CR-271-A from the 381st District Court of Starr County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. It appears that Applicant is represented by appellate counsel, who filed this application on his behalf. However, if Applicant is not currently represented by appellate counsel, within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 23, 2018
Do not publish